UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| LILLIAN GOMEZ and JOSE MARIO GOMEZ, as next friend of JOSEPH MARIO GOMEZ and VICTORIA ELIZABETH GOMEZ, minor children,<br>  Plaintiffs,<br><br>vs.<br><br>WYETH, formerly AMERICAN HOME PRODUCTS CORPORATION, formerly A.H. ROBINS COMPANY, INC. and/or AHP SUBSIDIARY HOLDING CORPORATION, formerly WYETH-AYERST LABORATORIES COMPANY,<br>  Defendant. | § § § § § § § § § § § § § § § | C.A. NO. C-04-326 |

## ORDER APPROVING SETTLEMENT

On this the 15th day of MAY, 2008, came on to be heard the above-styled and numbered cause, wherein Plaintiffs Lillian Gomez and Jose Gomez, as next friend of Joseph Gomez and Victoria Gomez, minors, (hereinafter "Plaintiffs" or "Plaintiffs and the minors") and Defendant Wyeth are parties (hereinafter jointly referred to as "the Parties"). Douglas A. Allison has been appointed Attorney ad Litem for the minors.

The parties notified the Court that an agreement to settle the above-styled and numbered cause had been reached. On April 22, 2008, counsel for the parties presented both oral testimony and documentary evidence regarding the propriety of the settlement and the distribution of the settlement proceeds.

The Court, having heard the arguments of the parties and considered the oral testimony and documentary evidence, FINDS that,

1. Subject to its approval, the Parties have entered into a settlement agreement entitled Confidential Release, Indemnity and Assignment (hereinafter referred to as the

1

"Settlement Agreement") whereby Wyeth has agreed to pay monetary consideration as set forth in the Settlement Agreement. The Settlement Agreement was presented to the Court for approval but was not filed of record, at the request of both parties, for confidentiality reasons.

2. The Parties and Attorney ad Litem agree that the monetary consideration allocated to Plaintiffs and the minors is in settlement of all matters and things litigated in this cause or that could have been litigated in this cause, for all injuries and damages sustained by any party as against any party as a result of the ingestion of Pondimin® and/or Redux™ by Lillian Gomez. It also is understood and agreed by the Parties and Attorney ad Litem that the compromises made are in settlement of disputed claims for the reason that Wyeth has denied and continues to deny any liability.

The Settlement Agreement and funds allocated thereunder to Plaintiffs and the minors having been made known to the Court, and after examining the pleadings in this cause, the Court called for evidence touching on the Parties' compromises and agreement. After hearing testimony, including but not limited to that of the Attorney ad Litem, and considering documentary evidence regarding all matters pertaining to this matter related to the injuries and/or damages allegedly sustained by Plaintiff and the minors, the alleged liability of Wyeth, the nature of the settlement offer, the disclosure by Plaintiff's counsel to Plaintiff concerning the settlement and the proposed distribution of the settlement funds between the attorneys and Plaintiff and the minors , the Court FURTHER FINDS as follows:

3. That the Parties and the Attorney ad Litem have fully informed themselves with regard to the facts of the ingestion of Pondimin® and/or Redux™ by Lillian Gomez, the injuries and/or damages allegedly sustained by Jose Gomez, Lillian Gomez, Joe Chapa, Mary Chapa, and the minors, and the nature and extent of any liability of Wyeth or any other parties.

2

4.  That the Plaintiffs, with full knowledge of the foregoing and that liability is disputed by Wyeth, have agreed to settle and compromise the above-referenced cause pursuant to the Parties' Settlement Agreement and for a specified amount of monetary consideration.

5.  That Wyeth, with full knowledge of the foregoing and though denying both liability and the extent of the damages alleged, has agreed to settle and compromise the above-referenced cause pursuant to the Parties' Settlement Agreement and has agreed to pay monetary consideration, which has been allocated to the minors as disclosed to the Court.

6.  That the Attorney ad Litem for Joseph Gomez and Victoria Gomez, minors, has thoroughly reviewed the case, the Settlement Agreement, the information provided to him regarding attorneys' fees and expenses, has had an opportunity to ask Plaintiffs' counsel any and all questions he has regarding these issues and believes that the settlement, including the specific amount of monetary consideration allocated to the minors and the method of allocation is reasonable, fair, and in the best interest of these minors.

7.  That Lillian Gomez and Jose Gomez as next friend of Joseph Gomez and Victoria Gomez, minors, have thoroughly reviewed the case, the Settlement Agreement, the information provided to them regarding attorneys' fees and expenses, have had an opportunity to ask Plaintiffs' counsel any and all questions they have regarding these issues and believe that the settlement, including the specific amount of monetary consideration allocated to the minors and the method of allocation is reasonable, fair, and in the best interest of these minors.

8.  That the Court has thoroughly reviewed the case, the Settlement Agreement, the information provided to it regarding attorneys' fees and expenses, including but not limited to case expenses, has had an opportunity to ask Plaintiffs' counsel any and all questions it has regarding these issues and believes that the settlement, including the specific amount of monetary consideration allocated to the Plaintiffs, the minors and the specific amounts allocated

for attorneys' fees, and case expenses and the method of allocation is reasonable, fair, and in the best interest of these minors.

9.  The Parties' Settlement Agreement, including the specific amount of monetary consideration allocated to Plaintiffs and to the minors, is made in full and final settlement and compromise of any and all claims, demands, and causes of action, that may or might have arisen as a result of the ingestion of Pondimin® and/or Redux™ by Lillian Gomez.

Based on these findings and the underlying evidence that supports them, the Court is of the opinion that the Parties' Settlement Agreement, including the specific amount of monetary consideration allocated to Plaintiffs and the minors, is just, fair, and reasonable under the facts and circumstances in this case and also is in the best interests of Joseph Gomez and Victoria Gomez, minors.

Being of this opinion, the Court hereby APPROVES the Parties' Settlement Agreement, Plaintiffs' counsel's settlement disclosure and the allocation of funds to the minors that was disclosed to the Court, and, upon the request of all Parties and the Attorney ad Litem, ENTERS this Judgment in accordance with the Settlement Agreement as to the compromise and settlement of all claims and causes of action herein asserted or which could have been asserted herein.

IT IS FURTHER ORDERED by the Court that Douglas A. Allison, as the Attorney ad Litem for Joseph Gomez and Victoria Gomez, minors, is hereby authorized to execute the Settlement Agreement presented to the Court on behalf of the minors.

IT IS FURTHER ORDERED by the Court that a fee of $30,000.00 be paid to Douglas A. Allison for his services as Attorney ad Litem for Joseph Gomez and Victoria Gomez, minors, and that such Attorney ad Litem is hereby discharged.

The Parties shall pay their own attorneys' fees, expenses, and court costs through the date of entry of this judgment, including all attorneys' fees, expenses, and costs resulting to them or incurred by or on their behalf in connection with the Settlement Agreement set forth herein.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Settlement Agreement is approved in its entirety and the actions, payments, and transfers contemplated therein are hereby approved.

IT IS THEREFORE FURTHER ORDERED, ADJUDGED, AND DECREED by the Court in accord with the Settlement Agreement that Plaintiffs and the minors Joseph Gomez and Victoria Gomez take nothing as to Defendant Wyeth and that the Court's approval of this Settlement by Plaintiffs Lillian Gomez and Jose Gomez, as next friend of Joseph Gomez and Victoria Gomez, minors, and Douglas Allison, as duly appointed Attorney ad Litem for Joseph Gomez and Victoria Gomez, minors, shall operate as a full and complete release and acquittance of Wyeth, of any and all claims, demands, or causes of action, that were or might have been or might, in the future, be asserted as a result of the alleged ingestion of Pondimin® and/or Redux™ by Lillian Gomez.

SIGNED and ORDERED this 15th day of May, 2008.

*/s/ Janis Graham Jack*
Janis Graham Jack
United States District Judge

APPROVED AS TO FORM AND SUBSTANCE:

THE SNAPKA LAW FIRM

_____
Kathryn Snapka
Texas Bar No. 18781200
P.O. Drawer 23017
Corpus Christi, Texas 78403
Tel.: (361) 888-7676
Fax: (361) 884-8545


THE HOLMAN LAW FIRM

_____
David W. Holman
Texas Bar No. 09902500
24 Green Plaza, Suite 2000
Houston, Texas 77046
Tel.: (713) 400-4840
Fax: (713) 400-4841

**COUNSEL FOR PLAINTIFFS**


LAW OFFICES OF DOUGLAS A. ALLISON

_____
Douglas A. Allison
Texas Bar No. 01083500
500 N. Water S. Tower, Suite 1200
Corpus Christi, Texas 78471
Tel: (361) 888-6002

**ATTORNEY AD LITEM FOR JOSEPH GOMEZ AND VICTORIA GOMEZ, MINORS**

VINSON & ELKINS, L.L.P.

*[signature]* w/ permission

Robert Schick
State Bar No. 17745715
S.D. Tex. I.D. No. 00587
First City Tower
1001 Fannin Street, Suite 2300
Houston, Texas 77002
Tel: (713) 758-2222
Fax: (713) 758-2346
Email: rschick@velaw.com

**ATTORNEY-IN-CHARGE FOR WYETH**

**OF COUNSEL FOR WYETH:**

DAVIS, CEDILLO & MENDOZA, INC.
Ricardo Cedillo
State Bar No. 04043600
S.D. Tex. I.D. No. 05320
McCombs Plaza, Suite 500
San Antonio, Texas 78212
Tel: (210) 822-6666
Fax: (210) 822-1151
Emails: rcedillo@lawdcm.com

BECK, REDDEN & SECREST, L.L.P.
Fields Alexander
State Bar No. 00783528
S.D. Tex. I.D. No. 16427
Timothy Cleveland
State Bar No. 24055318
S.D. Tex. I.D. No. 883264
1221 McKinney, Suite 4500
Houston, Texas 77010-2101
Tel: (713) 951-3700
Fax: (713) 951-3720
Email: falexander@brsfirm.com

HARTLINE, DACUS, BARGER, DREYER & KERN, L.L.P.
Darrell Barger
State Bar No. 01733800
S.D. Tex. I.D. No. 00646
800 N. Shoreline Boulevard, Suite 2000
North Tower
Corpus Christi, Texas   78401
Tex. (361) 866-8000
Fax:  (361) 866-8039
Email:  dbarger@hdbdk.com